UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EVARISTE MUGIRANEZA,

Petitioner,

v.

WILLIAM P. BARR, in his official
capacity as United States Attorney
General, et al.,

Respondents.

**DECISION AND ORDER**

6:20-CV-06305 EAW

## INTRODUCTION

Petitioner Evariste Mugarineza ("Petitioner"), a counseled immigration detainee currently detained at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, seeks a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner argues that his continued detention is unconstitutional and seeks a bond hearing before an immigration judge. (*Id.* at 19-20). Also currently pending before the Court is Petitioner's motion to hold the Petition in abeyance (Dkt. 7) and Respondents' unopposed motion to dismiss (Dkt. 11). For the reasons discussed below, Respondents' motion to dismiss (Dkt. 11) is granted, and the motion to hold the Petition in abeyance (Dkt. 7) is denied as moot.

## BACKGROUND

Petitioner is a native and citizen of the Democratic Republic of Congo. (Dkt. 1 at ¶ 1). On June 24, 2016, Petitioner was taken into custody by the Department of Homeland Security ("DHS") and was detained at the BFDF pursuant to 8 U.S.C. § 1226(c). (*Id.* at ¶¶ 2-3). On February 1, 2017, Petitioner received a bond hearing pursuant to *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), *vacated*, 138 S. Ct. 1260 (2018), where the immigration judge determined that the government had proved by clear and convincing evidence that Petitioner was a danger to the community. (*Id.* at ¶ 4). Petitioner has pursued two other habeas petitions pursuant to 28 U.S.C. § 2241 before this Court, both of which were denied. *See Evariste v. Barr*, No. 6:19-CV-6441-MAT, 2019 WL 5694258 (Nov. 4, 2019); *Mugiraneza v. Whitaker*, No. 6:19-CV-6140-MAT, 2019 WL 2395316 (W.D.N.Y. June 6, 2019).

Petitioner filed the instant Petition on May 8, 2020 (Dkt. 1), to which Respondents filed a response to on June 25, 2020 (Dkt. 5). On July 9, 2020, the Second Circuit issued a summary order dismissing Petitioner's petition for review. (Dkt. 8-1). On July 17, 2020, Petitioner filed a motion to hold the Petition in abeyance. (Dkt. 7). The Second Circuit's mandate issued on September 4, 2020 (Dkt. 11-1), and Respondents filed a motion to dismiss on September 8, 2020 (Dkt. 11), wherein they indicated that Petitioner did not oppose the motion (Dkt. 11-2).

**DISCUSSION**

The federal habeas corpus statute gives district courts jurisdiction to hear immigration-related detention cases. *See* 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 517-18 (2003) (holding federal courts have jurisdiction to review challenges to pre-removal detention); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention" in immigration cases). District courts do not have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal; jurisdiction to review such challenges rests exclusively in circuit courts. *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . which circuit courts alone can consider.").

"The government's power to detain an immigrant must be grounded in a specific provision of the [Immigration and Nationality Act ('INA')]." *Hechavarria v. Sessions*, 891 F.3d 49, 54 (2d Cir. 2018). Section 1231 of the INA addresses detention of "immigrants in the 'removal period,' the term used in the statute to describe the 90–day period following an order of removal during which 'the Attorney General shall remove the alien.'" *Id.* (quoting 8 U.S.C. § 1231(a)(1)(A)). The Supreme Court determined that § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. *Zadvydas* "articulates the outer bounds of the

Government's ability to detain aliens . . . without jeopardizing their due process rights. Under *Zadvydas,* then, detention of an alien 'once removal is no longer reasonably foreseeable' . . . violates the Due Process Clause." *Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003) (quoting *Zadydas*, 533 U.S. at 701).

The removal period begins "on the latest of the following": (1) "[t]he date the order of removal becomes administratively final"; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; and (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B). "After the ninety-day removal period, 'the Government may continue to detain an alien who still remains here or release that alien under supervision.'" *Singh v. Barr*, No. 19-CV-732, 2019 WL 4415152, at *4 (W.D.N.Y. Sept. 16, 2019) (quoting *Hechavarria*, 891 F.3d at 54 (internal quotation omitted)). Detention under § 1231 is "presumptively reasonable" for the first six months, and "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

In the instant matter, Petitioner's due process rights have not been violated. Petitioner's removal period under § 1231 began at the latest on September 4, 2020, when the Second Circuit issued its mandate dismissing the petition for review. (*See* Dkt. 11-1). The ninety-day removal period does not expire until on or about December 3, 2020, and the "presumptively reasonable" six-month period of detention will not expire until on or

- 4 -

about March 3, 2021.  "To the extent that [Petitioner] previously may have had a cognizable due process argument under [§ 1226], that claim has been rendered moot."  *Wang*, 320 F.3d at 147.  While Petitioner may be entitled to a bond hearing after the six-month period of detention under § 1231 has expired, such a claim is premature at this point in time.  *See Singh*, 2019 WL 4415152, at *5 (holding petitioner's procedural due process rights were not violated because he had not been detained under § 1231 for 180 days); *Frederick v. Feeley*, No. 19-V-6090-FPG, 2019 WL 1959485, at *4 (W.D.N.Y. May 2, 2019) ("[T]o the extent Petitioner is being held under Section 1231(a)(6), his detention is currently reasonable under *Zadvydas*.  His petition is premature."); *McGowan v. Tryon*, No. 14-CV-145-JTC, 2014 WL 2931413, at *4 (W.D.N.Y. June 27, 2014) (same).

For the foregoing reasons, the Court finds Petitioner's due process rights have not been violated, and grants Respondents' motion to dismiss the Petition.  (Dkt. 11).  However, because the Court finds the Petition is premature, the Petition is dismissed without prejudice, with leave to resubmit after the six-month period of detention has expired.  *See Singh*, 2019 WL 4415152, at *7 (denying premature petition without prejudice).  Additionally, because the Court grants the motion to dismiss, Petitioner's motion to hold the Petition in abeyance (Dkt. 7) is denied as moot.

## **CONCLUSION**

Respondents' motion to dismiss (Dkt. 11) is granted, and the Petition (Dkt. 1) is dismissed without prejudice, with leave to resubmit after the six-month period of detention has expired.  The motion to hold the Petition in abeyance (Dkt. 7) is denied as moot.  The Clerk of Court is instructed to enter judgment in favor of Respondents and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:  September 25, 2020
        Rochester, New York